**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-CR-00415 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE JAMES E. |
| | ) | GRIMES, JR. |
| DAVID A. STAATS, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER RESOLVING MOTION TO** |
| | ) | **DISMISS INDICTMENT (ECF NO. 16)** |

Before the Court is a Motion to Dismiss Indictment filed by Defendant David Staats. (ECF No. 16). Defendant asks this Court to find that 18 U.S.C. §§ 922(g)(1) and (g)(9) are both facially unconstitutional and unconstitutional as applied to Defendant. The Government opposes Defendant's Motion, arguing that existing Supreme Court and Sixth Circuit precedent mandates the denial of Defendant's Motion. (ECF No. 32). For the following reasons, Defendant's Motion is **DENIED**.

**I. FACTUAL BACKGROUND**

**A. Defendant's Arrest**

On May 5, 2023, Officer Gutscher and his partner, Officer Cook, watched Defendant pull to the side of Glendale Avenue and park without using a turn signal in violation of Ohio Rev. Code Ann. § 4511.39. (ECF No. 1, Compl., PageID #3–4). Defendant got out of the vehicle and walked toward the hood of his car. (*Id.* at PageID #4). Defendant's passenger fled. (*Id.*). One of the arresting officers ultimately tackled Defendant and took him into custody. (*Id.*). During a pat down, Defendant informed the officers that he had a firearm in his pocket. (*Id.*). Thereafter, officers determined that Defendant was under disability and could not possess a firearm. (*Id.*).

### B. Procedural History

Defendant was charged by Complaint on July 25, 2023 (ECF No. 1), and later by Indictment on August 9, 2023 (ECF No. 9). The Indictment charges Defendant with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); possession of a firearm and ammunition by a person with a domestic violence conviction in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.*). The Indictment also seeks forfeiture of the firearm and all other fruits of the criminal activity therein alleged. (*Id.* at PageID #33).

Following the Indictment, Defendant filed a Motion to Suppress (ECF No. 19). This Court ordered that the drugs found inside Defendant's closed backpack in his car during an inventory search be suppressed; the firearm found on Defendant's person was not suppressed. (ECF No. 31).

Defendant also filed the instant Motion to Dismiss. He challenges the constitutionality of the statutes under which he has been charged in Counts One and Two of the Indictment. They charge Defendant with being a felon in possession of a firearm and possessing a firearm with a domestic violence conviction. (ECF No. 16). Defendant argues that 18 U.S.C. §§ 922(g)(1) and (g)(9) are unconstitutional, both on their face and as applied to him. (*Id.* at PageID #64–69).

The Government counters that both statutes are constitutional under recent Supreme Court and Sixth Circuit precent. The Government cites *United States v. Rahimi*, 144 S. Ct. 1889, 1903 (2024), the Supreme Court's most recent Second Amendment case, which held that "an individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." (ECF No. 32, PageID #228). The Government

then points to Sixth Circuit precedent following *Rahimi*, which found both §§ 922(g)(1) and (g)(9) facially constitutional, and that as-applied challenges to both should be assessed against a dangerousness standard. *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024); *United States v. Gailes*, 118 F.4th 822, 830 (6th Cir. 2024). Defendant's Motion is now ripe for adjudication.

## II. MOTION STANDARD

Defendant's Motion is governed by Federal Rule of Criminal Procedure 12(b)(3)(B)(v), which provides that a criminal defendant may move to dismiss an indictment for the Government's "failure to state an offense." An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court must take the indictment's factual allegations as true and decide only whether the indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Williams*, 504 U.S. 36, 54–55 (1992) (limiting pretrial review of indictments to facial challenges).

## III. DISCUSSION

### A. *Bruen*, *Rahimi*, and the Second Amendment

The Second Amendment of the Constitution provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In recent decades, the Supreme Court has interpreted the Second Amendment as codifying an individual person's "right to possess and carry weapons in case of confrontation" unrelated to militia service. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 4 (2022) (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 592 (2008)). *See* Adam Winkler, *Gun Fight: The Battle Over the Right to Bear Arms in America* 95 (2013) (explaining that the Second

3

Amendment was understood as a mechanism to keep the federal government from disarming militias until the 1960s, when scholars began advancing the now-embraced "individual rights" theory).

*Bruen* expressed a clear, two-step framework for deciding the constitutionality of gun laws: first, the district court must decide whether the plain text of the Second Amendment covers an individual's conduct. *Bruen*, 597 U.S. at 18. If the Second Amendment's text covers a person's conduct, then the law is presumptively unconstitutional, and the Government has the burden of demonstrating "that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individuals' conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)). The Court's interpretation is based on recognition that the Second Amendment expresses a "pre-existing right . . . inherited from our English ancestors," and is derived not only from 17th century English law, but also from the public understanding of the Second Amendment as expressed through the writings of Founding-era leaders, the views of modern-era historians, and analogous arms-bearing laws in place when the Second Amendment was ratified. *Id.* at 20 (citing *Heller*, 554 U.S. at 595–605). It is then the Government's burden to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

In *United States v. Rahimi*, the Supreme Court clarified that the firearm regulation must be consistent with the "principles that underpin our regulatory tradition," but there "need not be a 'dead ringer' or a 'historical twin'" for it to be valid. 144 S. Ct. 1889, 1989 (2024). The Supreme Court conducted a historical analysis relevant to 18 U.S.C. § 922(g)(8) and concluded that our nation has a history of disarming individuals if they pose a "clear threat of physical violence to

4

another." *Id*. at 1901. The Court emphasized that while § 922(g)(8) is not identical to historical regulations, it "fits neatly within the tradition the surety and going armed laws represent." *Id*. The Court noted that, unlike the regulation in *Bruen*, § 922(g)(8) only burdens a defendant's right to carry "once a defendant has been found to pose a credible threat to the physical safety of others." *Id*. at 1902.

### B. *Williams*, *Gailes*, and Dangerousness

Recently, the Sixth Circuit considered a challenge to 18 U.S.C. § 922(g)(1) in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). Williams raised a facial and as-applied challenge to the constitutionality of § 922(g)(1). *Id*. at 643. Using the *Bruen* framework, the Sixth Circuit found that nothing in the Second Amendment's text distinguishes between felons and non-felons. *Id*. at 649. Rather, the plain text confers the right to "the people," which "unambiguously refers to all members of the political community, not an unspecific subset." *Id*. (citing *Dist. of Columbia v. Heller*, 554 U.S. 570, 580 (2008)).

Finding no carve-out of Second Amendment protection for felons, the Sixth Circuit then conducted a detailed historical analysis and concluded that the "governments in England and colonial America long disarmed groups that they deemed to be dangerous." *Williams*, 113 F.4th at 657. However, historically "individuals could demonstrate that their particular possession of a weapon posed no danger to peace." *Id*. Thus, the Sixth Circuit concluded that § 922(g)(1) is not susceptible to a facial challenge. *Id*. Section 922(g)(1) is susceptible to an as-applied challenge because an individual could demonstrate that he is not dangerous. *Id*. The Sixth Circuit held that in considering an as-applied challenge, it is Defendant's burden to show he is not dangerous. *Id*. at 662. The Sixth Circuit detailed what could constitute a dangerous finding:

> A person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being,"

> including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary.  An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.
>
> . . .
>
> In any event, district courts need not find a "categorical" match to a specific common-law crime to show that a person is dangerous.  Rather, district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction.  Finally, when considering an individual's dangerousness, courts may evaluate a defendant's entire criminal record— not just the specific felony underlying his section 922(g)(1) prosecution.

*Id*. at 663.  The Sixth Circuit found that Williams's facial and as-applied challenges to § 922(g)(1) failed.  *Id*. at 662.  The Sixth Circuit determined that Williams's criminal record showed that he is dangerous because he had two "felony counts of aggravated robbery," a previous conviction for attempted murder, and a previous conviction for possessing a firearm as a felon.  *Id*.  Thus, § 922(g)(1) was constitutional as applied to him.  *Id*.

        1.  Section 922(g)(1)

Defendant asserts facial and as-applied challenges to 18 U.S.C. § 922(g)(1).  (ECF No. 16, PageID #59).  The *Williams* court held that § 922(g)(1) is "constitutional on its face and as applied to dangerous people."  *Williams*, 113 F.4th at 662–63.  Therefore, Defendant's facial challenge to the statute fails.

Any challenge to § 922(g)(1) as applied to Defendant also fails because his criminal record shows he is dangerous and can be legally disarmed.  *Williams* was published after Defendant filed his Motion to Dismiss, and he has not supplemented that Motion with law or argument establishing that he is not dangerous, as *Williams* requires.  113 F.4th at 657.

6

Defendant's criminal record includes three convictions for crimes punishable by imprisonment for a term exceeding one year:[1] burglary, in violation of Ohio Revised Code ("R.C.") § 2911.1(A)(1) (felony in the second degree); felonious assault, in violation of R.C. §2903.11(A)(1) (felony in the second degree); and one of two counts for aggravated possession of drugs, in violation of R.C. §§ 2925.11(A) and (C)(1)(c) (felony in the second degree). Burglary is one of the convictions listed in *Williams* that the Sixth Circuit categorizes as "dangerous." *Williams*, 113 F.4th at 663. Moreover, Defendant's burglary and felonious assault charges stemmed from a violent break-in, during which Defendant punched the home's occupant in the face while others took the occupant's cane and beat him with it. (ECF No. 32, PageID #231). These convictions fall within the categories of crimes which the Sixth Circuit deems "highly probative" of an individual's dangerousness. *Williams,* 113 F.4th at 658.

The burden rests on Defendant to show he is not dangerous, and he has not made that showing. Defendant's criminal record contains numerous offenses of harm towards others and "there is little debate that violent crimes are at least strong evidence that an individual is dangerous." 113 F.4th at 658. The Court finds that Defendant's criminal record demonstrates a history of violence against others. Defendant has failed to show that his possession of a firearm does not pose any threat of danger to others. Given these considerations, the Court concludes that § 922(g)(1) is constitutional as applied to Defendant.

---

[1] Defendant's criminal record also includes a lesser charge for aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(b) (felony in the third degree) and domestic violence, in violation of 2919.25(A) (felony in the fifth degree). The latter charge is discussed further in connection with Defendant's argument against the constitutionality of 18 U.S.C. § 922(g)(9).

7

2. Section 922(g)(9)

Defendant argues that the 18 U.S.C. § 922(g)(9) charge violates the Second Amendment. (ECF No. 17, PageID #60). Section 922(g)(9) prohibits an individual from possessing a firearm if he has "been convicted in any court of a misdemeanor crime of domestic violence." Like § 922(g)(1), the Sixth Circuit has determined that § 922(g)(9) is not susceptible to a facial challenge. *United States v. Gailes*, 118 F.4th 822, 830 (6th Cir. 2024).

Because the *Gailes* Court was tasked with only a facial challenge to § 922(g)(9), the Court did not go on to provide guidance similar to that in *Williams*, where a certain dangerousness threshold must be met before a felon may be permanently disarmed under § 922(g)(1). 118 F.4th at 830. Still, this Court cannot imagine an outcome in which § 922(g)(1) is constitutional as applied to Defendant because of his violent criminal history, but § 922(g)(9) somehow is not. The Government's argument for the constitutionality of § 922(g)(9) as applied to Defendant explains that Defendant's domestic violence charge and conviction were under R.C. § 2919.25(A), which proscribes knowingly causing or attempting to cause "physical harm to a family or household member." (Emphasis added). Of the three manners in which a person can violate R.C. § 2919.25, subsection (A) provides for the most egregious violation—where the person knows he or she is causing or is knowingly trying to cause physical injury to a member of that person's household.

While the Sixth Circuit did not address which of these offenses should result in automatic disarmament, the defendant's argument in *Gailes* was that "some predicate convictions for § 922(g)(9) might not involve physical threats or violence." 118 F.4th 822, 829. Here, we know that Defendant was convicted under the portion of the statute that contemplates the most dangerous conduct; Defendant knowingly caused or attempted to cause harm to people with whom he lived. To the extent that the Court found § 922(g)(9) facially constitutional, it follows that the most

8

egregious conduct under a domestic violence statute should result in disarmament under federal law. With *Williams* as a backdrop and *Gailes*'s dicta as further guidance, this Court finds that §922(g)(9) is constitutional as applied to Defendant, because Defendant's underlying offense was one that involved knowingly causing or attempting to cause physical harm to another.

The Court finds that Defendant's previous conviction of misdemeanor domestic violence demonstrates he is dangerous. Thus, § 922(g)(9) is also constitutional as applied to Defendant.

### C. The Indictment States an Offense

Relevant here, the Indictment charges Defendant with violating 18 U.S.C. §§922(g)(1) and 924(a)(8), Felon in Possession of Firearm and Ammunition; and 18 U.S.C. §§ 922(g)(9) and 924(a)(8), Possession of a Firearm and Ammunition by a Person with Domestic Violence Conviction. (ECF No. 9, Indictment, PageID #31–32).

Title 18 U.S.C. § 922(g)(1) makes it a crime for an individual "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Title 18 U.S.C. 924(a)(8) provides that knowing violations of § 922(g) "shall be fined under this title, imprisoned for not more than 15 years, or both." Lastly, 18 U.S.C. § 922(g)(9) prevents anyone "who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Here, Count One of the Indictment alleges that Defendant, knowing he had previously been convicted of crimes punishable by imprisonment of more than one year, "knowingly possessed in

9

and affecting interstate commerce a firearm, to wit: a Kel-Tec, Model P-11, 9mm pistol, serial number AA4274, and ammunition, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8)." (*Id.* at PageID# 31). Count Two alleges that Defendant, while previously convicted of a misdemeanor crime of domestic violence, "knowingly possessed in and affecting interstate commerce a firearm, to wit: a Kel-Tec, Model P-11, 9mm pistol, serial number AA4274, and ammunition, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(8)." (*Id.* at PageID #32). The Indictment also includes a demand that Defendant forfeit the firearm and ammunition at issue. (*Id.* at PageID# 33). The Indictment fairly informs Defendant of these charges that he must defend against and enables him to enter a plea in bar of future prosecutions for the same offense. Therefore, the Indictment states offenses against Defendant, and the Motion to Dismiss Indictment must be denied.

### 3. CONCLUSION

The Court finds that 18 U.S.C. §§ 922(g)(1) and 922(g)(9) are constitutional both facially and as applied to Defendant. For the foregoing reasons, Defendant's Motion to Dismiss Indictment (ECF No. 16) is **DENIED.**

**IT IS SO ORDERED.**

**Date: February 3, 2025**

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**