**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-CR-00415 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE JAMES E. |
| | ) | GRIMES, JR. |
| DAVID A. STAATS, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER RESOLVING MOTION TO** |
| | ) | **REOPEN SUPPRESSION HEARING** |
| | ) | **AND RECONSIDERATION OF** |
| | ) | **ORDER SUPPRESSING SEARCH OF** |
| | ) | **THE VEHICLE (ECF NO. 34)** |

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On August 9, 2023, the Government filed a four-count Indictment against Defendant charging him with (1) Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); (2) Possession of a Firearm and Ammunition by a Person with Domestic Violence Conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8); (3) Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C.§ 924(c)(1)(A)(i).  On January 23, 2025, this Court granted in part and denied in part Defendant's Motion to Suppress.  (ECF No. 31-1).  After briefing, an evidentiary hearing, and three post-hearing briefs (two filed by the Government), the Court determined that officers did not violate Defendant's Fourth Amendment rights when they initiated a traffic stop after Defendant failed to signal while pulling to the curb to park.  (*Id.* at PageID #238–42).  The Court also found that officers had probable cause to arrest Defendant for obstructing official business; that officers recovered the firearm during a valid search incident to arrest; and that officers lawfully impounded Defendant's car.  (*Id.* at PageID #242–49).

1

But the Court *did* find that the inventory search of Defendants' car violated his Fourth Amendment rights. (*Id.* at PageID #254). Defendants had argued that the inventory search was unlawful because the Government failed to establish that it was conducted pursuant to a standardized policy; the Government did not address that argument, and instead relied on the premise that a lawful impoundment produces a lawful inventory search. (*Id.* at PageID #249; *see* ECF No. 19, Mot. to Suppress, PageID #80–81; ECF No. 29, Def.'s Post-Hr'g Br., PageID #190–93; ECF No. 22, Govt. Resp. to Mot. to Suppress, PageID #93-34; ECF No. 28, Govt. Post Hr'g Br., PageID #175–76). The Government nonetheless asked its witness, Officer Gutscher, about the inventory search at the evidentiary hearing. (ECF No. 31-1, PageID #250). Officer Gutscher testified that he performed the inventory search at his discretion, but also that the department has an inventory-search policy and that he followed it. (*Id.*; *see* ECF No. 27, Tr. of Suppression Hr'g, PageID #131). The Government did not introduce the inventory policy into evidence, nor elucidate its contours from Officer Gutscher. He testified that he thought he might possibly find another firearm during the inventory search of a bag/backpack in the car. (*Id.*; *see* ECF No. 27, PageID #126).

The Court concluded that part of the inventory search—Officer Gutscher's search of the latter closed backpack inside Defendant's car—violated the Fourth Amendment. (*Id.* at PageID #253–54). The Government's failure to either produce the relevant inventory policy or ask Officer Gutscher to explain the contours of the Canton Police Department's policy regarding closed containers violated *Florida v. Wells*, 495 U.S. 1, 3 (1990) (holding that standardized criteria or established routine "***must*** regulate the opening of containers found during inventory searches") (emphasis added) and *United States v. Tackett*, 486 F.3d 230, 232 (6th Cir. 2007) (requiring admission of either the inventory policy itself or testimony outlining the contours of the inventory policy). (*Id.* at PageID #252). Since no other exception to the warrant requirement applied, the

Court determined that the search of Defendant's backpack violated the Fourth Amendment, and therefore, the methamphetamine found in Defendant's backpack must be suppressed.  (*Id.* at PageID #253–54).

The Government has now moved the Court to "reconsider the factual findings underpinning its decision to suppress the items recovered from the inventory search of Staats' motor vehicle" and reopen the suppression hearing so that it may place the inventory policy into evidence.  (ECF No. 34, PageID #268).  For the following reasons, the Government's motion is **DENIED**.

## II.  STANDARD OF REVIEW

The Government's motion asks the Court to both reopen the suppression hearing and reconsider the part of the order suppressing the fruits of the inventory search.  Reopening a suppression hearing is legally distinct from reconsidering a suppression order, but both require similar showings.  *See, e.g.*, *United States v. Thompson*, 580 F. Supp. 3d 503, 505–06 (N.D. Ohio 2022) (analyzing whether to reconsider a suppression order and reopen a suppression hearing based on newly discovered evidence).  The Court will therefor analyze both requests together.

First, a motion for reconsideration is akin to a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).  *Id.* (citing *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990)).  Reconsideration of a suppression order is "extraordinary and is seldom granted because it contradicts notions of finality and repose."  *Thompson*, 580 F. Supp. 3d at 505 (quoting *Amin v. Konteh*, No. 3:05-CV-2303, 2008 WL 5111091, at *2 (N.D. Ohio 2008)); *United States v. Henderson*, 488 F. Supp. 2d 648, 651 (N.D. Ohio 2007).  "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the

issue.'" *Id.* (quoting *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Rather, reconsideration is only appropriate in the face of "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations removed). A court may justifiably deny a Rule 59 motion based on "undue delay," such as when a party failed to introduce "previously []available" evidence. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *GenCorp.*, 178 F.3d at 834)).

Like motions for reconsideration, courts "'should be extremely reluctant to grant reopenings.'" *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004), *vacated on unrelated grounds*, 543 U.S. 1111 (2005) (quoting *United States v. Kithcart*, 218 F.3d 213, 219–20 (3d Cir. 2000) (citing *United States v. Blankenship*, 775 F.2d 735, 740 (6th Cir. 1985)))[1]; *United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016). A party moving to reopen a suppression hearing must first "provide a reasonable explanation for failing to present the evidence initially." *United States v. White*, 455 F. App'x 647, 651 (6th Cir. 2012) (citing *Carter*, 374 F.3d at 405); *United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013). After satisfying that threshold matter, courts should consider "the timeliness of the motion, the character of the testimony, the effect of granting the motion, and whether the opposing party will be prejudiced by reopening the hearing." *Id.* (citing *Blankenship*, 775 F.2d at 741). Ultimately, "[t]he decision to reopen a suppression hearing is left to the sound discretion of the court." *Id.* at 650.

### III. DISCUSSION

The Government claims that Defendant never raised the validity of the inventory search in his motion to suppress:

---

[1] *Carter* explained that "The principles that governed the ruling on the motion to reopen a case-in-chief in *Blankenship* were cited as applicable to a motion to reopen a suppression hearing in *Kithart*." 374 F.3d at 405.

4

> Staats did not state with any reasons or authority that the inventory search was unconstitutional. Nor did he raise the issue of whether or not the inventory was proper based on the search of the backpack. The United States was not provided proper notice prior to the suppression hearing [and] thus did not present evidence regarding the inventory policy. The issue of the inventory policy was not raised until after the suppression hearing. The Court did however give the United States the opportunity to present a supplemental brief after Staats' post hearing brief but not the opportunity to present new evidence. The United States requests the opportunity to present the evidence of the inventory policy.

(*Id.* at PageID# 269). The Government's motion attaches an alleged copy of the Canton Police Department's Vehicle Towing and Release Policy, which is dated January 24, 2025—more than a year after Defendant's arrest and one day after the Court entered its decision regarding the motion to suppress. (ECF No. 34-1, PageID #272–74).

Defendant responds that he raised the constitutionality of the inventory search in his initial motion to suppress, which challenged the search because the vehicle was not properly seized. (ECF No. 35, PageID #275 (citing ECF No. 19, PageID #75, 80–81). After the Government responded to the motion, Defendant's reply brief more specifically argued that Officer Gutscher did not conduct the inventory search pursuant to standardized criteria. (*Id.* at PageID #276) (citing ECF No. 23, PageID #97). Defendant also points out that the Government questioned Officer Gutscher about the inventory policy at the suppression hearing, which does not support its current claim that it lacked notice that the inventory search was at issue. (*Id.*).

District courts faced with similar facts and arguments routinely deny motions to reconsider the suppression order and/or reopen the hearing. For example, in *United States v. Mathis*, 653 F. Supp. 2d 806, 811 (E.D. Tenn. 2009), the defendant filed a motion to suppress arguing that officers searched his car without a warrant or consent, and no exception to the warrant requirement applied. The government moved to reconsider the suppression order and reopen the hearing to introduce testimony from an officer regarding a departmental policy governing the seizure of controlled

5

substances in a defendant's vehicle. *Id.* at 809. The court denied the government's motion, reasoning that this testimony was "certainly obtainable through [the officer] or another witness before the original suppression hearing." *Id.* at 810. Since the government did not explain its failure to present the testimony or policy, reopening the hearing was unwarranted. *Id.*

In another matter, *United States v. Thompson*, 580 F. Supp. 3d 503, 505 (N.D. Ohio Jan. 13, 2022), the court suppressed a shotgun supporting the government's charge that the defendant was a felon in possession of a firearm. The court explained that the shotgun itself was not incriminating—either under the plain view or inevitable discovery doctrine—without proof that the officer also checked the defendant's prior record. *Id.* The government moved to reconsider the suppression order, filing an affidavit of the officer who testified at the hearing stating that the officer routinely radioed dispatch about a suspect's criminal history. *Id.* The government later sought to reopen the suppression hearing to introduce the officer's testimony to the same effect. *Id.* The court found that the government could have obtained all of the testimony it sought to introduce at the hearing, but failed to do so. *Id.* at 506. The Court reasoned: "The government cannot correct this failure by submitting evidence after the fact, as it seeks to do with its motion to reconsider." *Id.*

As in *Mathis* and *Thompson*, the Government could have asked Officer Gutscher about the details of the inventory policy when it questioned him about it, but it failed to do so. (*See* ECF No. 27, PageID #131). The Government claims that it did not ask these questions because it was not on notice that the inventory search was at issue, but that claim is contradicted by the record. Defendant's Motion to Suppress argued that the inventory search was invalid because the impound was unlawful. (ECF No. 19, PageID #80–81). The Government's response acknowledged this challenge, and argued that a valid impound produces a valid inventory search. (ECF No. 22, PageID #93–94). Defendant's Reply Brief argued that the Government failed to show that the

6

inventory search had been conducted pursuant to standardized criteria, quoting heavily from *Florida v. Wells*, 495 U.S. 1 (1990)—the seminal Supreme Court decision governing the search of closed containers during an inventory. (ECF No. 23, PageID #96–98). Defendant's Post-Hearing Brief reiterated Defendant's standardized criteria argument. (ECF No. 29, PageID #190–93). The Government's post-hearing brief again addressed the inventory search, but not Defendant's argument concerning the lack of standardized criteria presented at the hearing. (ECF No. 28, PageID #175–76).

The Government also acknowledges that this Court gave it a second post-hearing opportunity "to respond to **any argument** made in the Defendant's post hearing brief that it has not addressed, including Defendant's wrongful arrest argument, by or before October 1, 2024." (Non-Document Order, Sept. 23, 2024) (emphasis added). The Government's second post-hearing brief *still* failed to address the lack of standardized criteria supporting the inventory search. (ECF No. 30). Now, the Government's motion to reconsider/reopen claims it only became aware of the inventory search issue after the hearing but offers no explanation why it did not move to reopen the suppression hearing before this Court issued its order. (ECF No. 34, PageID #269). If the Government wanted to introduce more evidence when it filed its second post-hearing brief, it should have asked the Court for the opportunity to do so at that time.

The Government also makes no effort to reconcile its questions at the suppression hearing with its claim that it did not know about Defendant's inventory-search argument at the hearing and beyond. At the hearing, after Officer Gutscher testified that he performed an inventory search after calling for an impound, the Government asked, "So you do an inventory to protect the property of the owner?" (ECF No. 27, PageID #125). After Officer Gutscher responded affirmatively, the Government asked, "And what do you do when you do this inventory?" (*Id.*). After Officer Gutscher answered, the Government continued: "What did you find when you began this

7

inventory?" (*Id.* at PageID #126). When Officer Gutscher testified that he found a "large bag containing a white substance," the Government asked, "And you believe that to be an illegal narcotic at the time? . . . What do you do with that?" (*Id.* at PageID #127). The Government asked Officer Gutscher about when items discovered in an inventory search become a part of the inventory list (*id.* at PageID #128–29); whether Officer Gutscher had discretion about what items he took from the car (*id.* at 131); and finally, whether the Canton Police Department has an inventory policy (*id.* at PageID #131), and whether he followed it (*id.* at PageID #132). Absent notice that the inventory search was at issue, these questions—all on direct examination—make no sense.

The Government seeks extraordinary relief, yet offers little to meet its burden to obtain it. The Government admits that there is no "newly discovered evidence" to support reconsideration or reopening. Providing the Court with a written policy that appears to post-date the Court's suppression decision (not to mention the date of Defendant's arrest) does nothing to help the Government's cause. Further, the parties briefs and the hearing transcript contain ample evidence that the Government was aware of Defendant's challenge to the inventory search, but did little to address it. These circumstances do not warrant reconsideration of the suppression order nor reopening the suppression hearing.

## IV.     CONCLUSION

The Government cannot wait until after the Court files an unfavorable suppression order to clean up the record. There is no newly discovered evidence, nor any issue of which the Government lacked notice, to support reconsideration of the suppression order. The Government has not provided any reasonable explanation for failing to present evidence regarding any inventory policy to support reopening the hearing. Absent any reason justifying the extraordinary relief it seeks, the Government's motion is **DENIED**.

**IT IS SO ORDERED.**

**Date: June 2, 2025**

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**